■ DARAMI REALTIES, INC., Respondent, v SPENCER ARMS HOTEL ASSOCIATES, Appellant, and TRAVELTONE RADIO & T.V. CORP. et al., Respondents. — Judgment, Supreme Court, New York County, entered April 28, 1980 which, inter alia, reformed a lease by deleting two paragraphs thereof that had by their terms required plaintiff as tenant of certain store premises to pay real estate taxes for the entire building of which it was a tenant, and permanently enjoined defendant-appellant landlord Spencer Arms Hotel Associates from prosecuting a certain summary holdover proceeding against plaintiff on the basis of default of such lease provisions, unanimously modified, on the law and the facts, to the extent of further reforming the lease to require an apportionment of such real estate taxes between the store premises and the remainder of the building, and otherwise affirmed, without costs and without disbursements. Present — Kupferman, J. P., Sandler, Markewich, Silverman and Bloom, JJ. Kupferman, J. P., concurs in a memorandum in which Markewich, Silverman and Bloom concur and Sandler, J., concurs in memorandum in which Silverman and Bloom, JJ., concur, as follows.

Kupferman, J. P. (concurring). In this action for a declaratory judgment, plaintiff-respondent, Darami Realties, Inc. (Darami), seeks reformation of its lease for six stores on the ground floor of the Spencer Arms Hotel located at 104 West 69th Street in Manhattan, so as to delete entirely those provisions requiring Darami as tenant to pay real estate taxes for the entire building or, in the alternative, reformation to the extent of requiring the tenant to pay such portion as can be allocated to the store premises. Plaintiff seeks this remedy on the basis of an alleged mutual mistake made when these paragraphs in controversy were included in the lease between Darami and Spencer Enterprises, Inc. (Enterprises) (defendant-appellant's predecessor in

interest), which was executed in August, 1970. Initially, and with predecessors in interest, the leased hotel portion of the building paid all real estate taxes, including those that might be attributable to the stores. In 1970, when a new lease was prepared, the principal of the entity that would rent the whole building (hotel and stores) requested that for tax purposes there be separate leases for the hotel entity and the store entity. The language requiring the tenants to pay all the real estate taxes was photocopied and included in *both* leases. This had no material consequence as the same principal was involved in both lessee entities, and the hotel entity paid all the taxes. Thereafter, the hotel entity passed, by mesne assignment, into other hands with the hotel entity continuing to pay the full real estate taxes. However, a succeeding hotel corporation went into bankruptcy and defaulted, and the situation took a new turn. A succeeding owner of the fee interest demanded that the store tenant pay the real estate taxes for the entire building and commenced a holdover proceeding. There was a sufficient basis for the court sitting as a trier of fact to find mutual mistake in the inclusion of the tax clause in the store lease providing for payment of real estate taxes on the entire building. However, it should have gone further and apportioned the taxes so that each tenant, the hotel and the stores, would pay its aliquot share of taxes, which is obviously what the parties originally intended would apply.

Sandler, J. (concurring). The result reached by the court is obviously a fair and just resolution of the controversy. Indeed, this is one of those cases in which it can be said that the contrary result urged by appellant is little short of unconscionable. The problem presented, in this case a difficult one, is whether application of the applicable legal principles to the facts permits a reasonable result, or whether it mandates a grossly unfair one. The factual basis for Trial Term's conclusion that there was a mutual mistake in reducing the agreement of the parties to a writing seems to me thin. I suppose it might be sustained nonetheless by an extreme application of the general principle of deference to the factual findings of the trial court. The modification introduced in this court's memorandum seems to me still more difficult to justify on the theory advanced. I believe the same result is more persuasively justified on the basis of a different legal analysis. The difficulty with this alternative approach is that it involves issues not raised by plaintiff in the pleadings or at trial. On the other hand, the trial discloses a very full presentation of all the relevant evidence and there is no reason to suppose that anything significant bearing on the questions was not presented. What is immediately apparent is that the lease in question was shaped by the singular circumstance that the business entities owning the hotel lease and the store lease were controlled by the same principal. In that circumstance it may reasonably have appeared to the then fee owner's counsel that the arrangement set forth in the lease provided some measure of additional protection to his client with regard to the tax payments. At the same time the arrangements would not appear to have presented any threat that the principal controlling the building lease and the store lease would be required to make additional payments. The parties clearly did not contemplate in the lease that was then executed how its terms would be applied if the building lease was transferred to another entity. However, it is significant as to the understanding of the parties who executed the lease that when the building lease was in fact transferred to another, the new building lessee, consistent with the practice that had been followed for many years prior to the instant lease, paid the full real estate taxes. The present litigation resulted from two subsequent events. First, the fee inter-

est was acquired by another corporation, the defendant-appellant here. A succeeding owner of the hotel lease went into bankruptcy, and the lease is now effectively owned by what is in substance an alter ego of the fee owner. Under these circumstances, the appellant seeks to require the owner of the store lease to pay the real estate taxes for the whole building. It seems quite plain that the parties to the executed lease never contemplated or intended that the store lessee could be required, at the landlord's sole discretion, to pay all the real estate taxes on the entire building. The lease does not explicitly so provide nor can it be reasonably so construed. Under the circumstances that have developed the most reasonable construction of the lease leads to the same conclusion reached by a majority of this court on a separate analysis. The real estate taxes should be apportioned between the hotel and the store lessee on an equitable basis. Settle order.